# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COY D. SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-13-122-FHS-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Coy D. Simpson requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. He appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 9, 1950, and was sixty years old at the time of the administrative hearing (Tr. 34, 104). He has a high school education and has past relevant work as an insurance agent (Tr. 26, 129). The claimant alleges inability to work since July 31, 2010, due to diabetes and neuropathy (Tr. 128).

## Procedural History

On August 17, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. Following an administrative hearing, ALJ Osly F. Deramus found that the claimant was not disabled in a written opinion dated November 4, 2011 (Tr. 18-27). The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the ability to perform less than the full range of light work, *i. e.*, that he could lift and carry up to 20 pounds occasionally or 10 pounds frequently, sit for up to six hours and stand or walk for up to six hours with normal breaks, with the following

limitations: (i) occasional stooping, crouching, crawling, kneeling, and balancing; and (ii) occasionally climbing stairs but never climbing ladders (Tr. 22). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work as an insurance agent (Tr. 26).

## Review

The claimant's sole contention of error is that his decision is not supported by substantial evidence as a whole, namely that he failed to account for the claimant's peripheral neuropathy pain, decreased sensation, and painful ingrown toenails in his feet. None of these contentions have merit, and the decision of the Commissioner should therefore be affirmed.

The ALJ found the claimant had the severe impairments of diabetes and peripheral neuropathy, and the nonsevere impairments of hypertension, hyperlipidemia, and hearing loss (Tr. 20-21). His treatment records largely consist of records from the VA Medical Center in Muskogee, Oklahoma. Relevant medical evidence reveals that the claimant had ingrown toenails that had to be manually debrided multiple times, and he was prescribed diabetic shoes with inserts (Tr. 205-206, 223, 231, 243, 248, 373). State agency physician Elva Montoya, M.D., reviewed the claimant's records and completed a Physical RFC Assessment, finding the claimant could lift/carry up to ten pounds frequently and up to twenty pounds occasionally, and stand/walk/sit for six hours in an eight-hour workday, but could only occasionally climb ramps/stairs and ladders/ropes/scaffolds, balance, and stoop (Tr. 352-353).

At the administrative hearing, the claimant testified that he has pain in his feet caused by his diabetes, as well as nerve damage in his feet (Tr. 38). He explained that the pain in his feet began approximately five years prior to the hearing, including problems sleeping and concentrating (Tr. 41-42). He further testified that he has pain 85% of the time, but that he cannot really tell a difference in the pain when he is on his feet or not, and that the pain actually seemed worse when he was off his feet due to numbness and cramping (Tr. 42). He stated that he walks up to a mile a day, and believed he could perform most household chores although his wife actually does them (Tr. 43). He stated that the main side effect from his medications is fatigue, but that his diabetes is only under control 60-65% of the time (Tr. 44-45).

In his written opinion, the ALJ summarized the medical evidence in great detail, including the claimant's hearing testimony regarding the pain that interfered with his sleep. He also discussed the medical evidence from the VA, and noted that the claimant's impairments had been tracked and largely managed through medications (Tr. 24). He further considered the multiple laboratory findings of elevated glucose levels from September 2010 through June 2011 (Tr. 24). Specifically noting the claimant's complaints of bilateral foot pain, numbness, burning, and painful ingrown toenails upon examination, the ALJ found that claimant's limitations nevertheless did not preclude light work with the above-mentioned limitations (Tr. 24). The ALJ also found that the claimant had not been entirely compliant with his medications and diet, and noted that he

was still able to walk up to a mile every day, mow the yard with a riding mower, drive, fish occasionally, do chores, and watch television (Tr. 25).

The claimant contends that the ALJ did not accurately evaluate his physical impairments. As to his physical limitations, he argues that his peripheral neuropathy has caused decreased sensation in his feet and that the repeated manual debridement of his ingrown toenails is proof that he cannot stand and walk six hours in an eight-hour workday. But the ALJ provided a detailed discussion of the relevant evidence in the record, including the fact the claimant walks a mile every morning, noncompliance with his diabetic regimen, receipt of unemployment benefits through 2010 and 2011 (during which time you must certify that you are able to work), and leaving his most recent job because there was no work for him rather than his own medical condition (Tr. 24-25), and his opinion clearly indicates that he adequately considered the medical evidence of record in reaching his conclusions regarding the claimant's RFC. *Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir.2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.' "), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). The gist of the claimant's appeal is that the Court should re-weigh the evidence and determine his RFC differently from the Commissioner, which the Court simply cannot do. *See Casias*, 933 F.2d at 800 ("In evaluating the appeal, we neither reweigh the evidence nor substitute

our judgment for that of the agency."). *See also Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir.2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), citing 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 404.1545, 416.946.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be AFFIRMED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of September, 2014.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**